**Michael RANDOLPH, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. ED 85194.

Missouri Court of Appeals,
Eastern District,
Division One.

June 21, 2005.

Timothy Joseph Forneris, St. Louis, MO, for appellant.

Deborah Daniels, Jefferson City, MO, for respondent.

Before GARY M. GAERTNER, SR., P.J., SHERRI B. SULLIVAN, J., and BOOKER T. SHAW, J.

***ORDER***

PER CURIAM.

Michael Randolph ("Movant") appeals from the motion court's judgment denying his Rule 29.15 post-conviction motion without an evidentiary hearing. Movant was convicted of one count of assault in the first degree pursuant to Section 565.020, RSMo 2000, and one count of armed criminal action pursuant to Section 571.015, RSMo 2000. Movant was sentenced to serve twenty-five years and ten years imprisonment respectively, with the sen-

tences to run concurrently. This Court affirmed Movant's conviction. *State v. Randolph*, 30 S.W.3d 192 (Mo.App. E.D. 2000). Movant subsequently filed a timely Rule 29.15 motion for post-conviction relief, which the motion court denied without a hearing.

On appeal, Movant argues the motion court erred in denying his 29.15 post-conviction relief motion without an evidentiary hearing because he received ineffective assistance: (1) of trial counsel for failing to properly preserve a gender *Batson* claim after the State struck three white female venirepersons during jury selection; and (2) of appellate counsel when appellate counsel failed to brief and argue that the trial court impermissibly used sentencing to punish Movant for exercising his right to proceed to trial.

We have reviewed the briefs of the parties, the legal file, and the transcript and find the motion's court decision was not clearly erroneous. *White v. State*, 939 S.W.2d 887, 904 (Mo. banc 1997); Rule 29.15(k). An opinion reciting the detailed facts and restating the principles of law would have no precedential value. The parties have been furnished with a memorandum for their information only, setting forth the reasons for the order affirming the judgment pursuant to Rule 84.14(b). The judgment is affirmed pursuant to Rule 84.16(b).